# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
PATRIAMCH PARTNERS MANAGEMENT           :
GROUP, LLC,                             :
                                        :
                         Plaintiff,     :
                                        : Index No. _____
          -against-                     :
                                        : **SUMMONS**
                                        :
                                        :
UI ACQUISITION HOLDING CO., UI HOLDING  :
CO., HOVER-DAVIS, INC and UNIVERSAL     :
INSTRUMENTS CORP.,                      :
                         Defendants.    :
------------------------------------------------------------x

To the above-named defendants:

  UI ACQUISITION HOLDING CO.
  UI HOLDING CO.
  HOVER-DAVIS, INC
  UNIVERSAL INSTRUMENTS CORP.

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the amended complaint.

      The basis of venue is the residence of Plaintiff Patriarch Partners Management Group, LLC, which is 1 Liberty Street, New York, New York 10006, a forum selection clause, and because a substantial part of the events or omissions giving rise to this action occurred in New York County, pursuant to CPLR 501 and 503 (a), (d).

Dated: July 14, 2020
New York, New York

ALLEGAERT BERGER & VOGEL LLP

By:   /s/ David A. Berger
      David A. Berger
      John S. Craig
      Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT           :
GROUP, LLC,                             :
                                        :
                                        :
                     Plaintiff,         :
                                        :
           -against-                    :
                                        :
                                        :
                                        : Index No. _____
UI ACQUISITION HOLDING CO., UI HOLDING  :
CO., HOVER-DAVIS, INC and UNIVERSAL     : **COMPLAINT**
INSTRUMENTS CORP.,                      :
                                        :
                     Defendants.        :
                                        :
                                        :
                                        :
                                        :
                                        :
                                        :
                                        :
-------------------------------------------------------------x

       Plaintiff Patriarch Partners Management Group, LLC ("Plaintiff" or "PPMG"), by and through its undersigned attorneys, Allegaert Berger & Vogel LLP, as and for its Complaint against Defendants UI Acquisition Holding Co., UI Holding Co., Hover-Davis, Inc., and Universal Instruments Corp. (collectively, "Defendants"), states upon knowledge with respect to its own acts and status, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

       1.     This is a straightforward action arising from Defendants' failure to pay Plaintiff for amounts due and owing under a Management Services Agreement, dated as of March 14, 2011, as amended on August 25, 2015 (the "Agreement"), for management and operational consulting and other services (and associated expenses) duly provided to Defendants. Plaintiff

1

has made due demand of Defendants for the amounts outstanding to no avail, thereby necessitating commencement of this action for breach of contract and related relief.

### THE PARTIES

2. Plaintiff is a Delaware limited liability company with its principal place of business in New York, New York.

3. Defendant UI Acquisition Holding Co. is a Delaware corporation with offices in Conklin, New York.

4. Defendant UI Holding Co. is a Delaware corporation with offices in Conklin, New York.

5. Defendant Hover-Davis, Inc. is a Delaware corporation with offices in Rochester, New York.

6. Defendant Universal Instruments Corp. is a Delaware corporation with offices in Conklin, New York.

### PERSONAL JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants because, pursuant to Section 10 of the Agreement, Defendants have irrevocably submitted to the exclusive jurisdiction of the state or federal courts in the City of New York with respect to any action or proceeding arising out of or relating to the Agreement, and has waived any defense of an inconvenient forum to the maintenance of any such action.

8. Venue is proper in New York County, pursuant to CPLR § 501 and Section 10 of the Agreement, and pursuant to CPLR § 503(a), in that Plaintiff's principal place of business is in New York County, and a substantial part of the events or omissions giving rise to this action occurred in New York County.

## STATEMENT OF FACTS

9. Pursuant to the Agreement, Defendants engaged PPMG to provide certain management, operational consulting and other services (the "Services") to it, as specified in Section 1 of the Agreement. PPMG duly provided the Services to Defendants for a period of over 10 years, commencing in or about September 2010.

10. Plaintiff regularly submitted invoices for the Services it provided to Defendants, as well as for reasonable expenses incurred in connection therewith, which Defendants are jointly and severally obligated to pay under Section 3 of the Agreement. Defendants have never rejected, returned, or objected to any of the invoices, and, following due demand, has failed to pay one of them (the "Invoice"). The total of the amount of the unpaid Invoice is $371,788.

11. Defendants are also obligated, jointly and severally, under the terms of the Agreement to indemnify Plaintiff for all costs, disbursements, and fees (including attorney's fees) in connection with this action because this action has been caused by, relates to, is based upon or otherwise arises out of or in connection with the engagement of PPMG under the Agreement or in connection with Services provided thereunder.

12. Plaintiff has duly performed all obligations required of it under the Agreement.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

13. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

14. Under the terms of the Agreement, Defendants were obligated to pay Plaintiff fees for, and to reimburse Plaintiff for reasonable expenses incurred in connection with, the Services.

15. Plaintiff duly provided the Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the Agreement, and is thereby entitled to payment for the Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the Agreement.

16. Defendants have failed to pay for the Services rendered and reasonable expenses incurred therewith in an amount of at least $371,788.00, in material breach of the Agreement.

17. As a direct and proximate result of Defendants' material breach of the Agreement, Plaintiff has suffered, and continues to suffer, injury, including damages of at least $371,788.00, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Account Stated)**

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully stated herein.

19. Plaintiff provided the Services to Defendants and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in invoices regularly submitted to Defendants.

20. Defendants received and retained each such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

21. As reflected in the Invoice as to which Defendants never disputed, rejected returned or objected to, the amount due and owing to Plaintiff thereunder is $371,788.00, in addition to such other costs and damages to which it is entitled.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit)

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

23. Defendants were enriched by the Services provided by Plaintiff, and by Plaintiff's payment of reasonable expenses incurred in connection therewith, to Plaintiff's detriment, as Defendants have failed to pay therefor.

24. The circumstances thus make it inequitable for Defendants to retain the benefit of the Services provided (and reasonable expenses incurred by Plaintiff in connection therewith) without paying Plaintiff value in return.

25. The fair value of the benefit of the Services and expenses incurred by Plaintiff for the benefit of Defendants is at least $371,788.00, which amount is now due and owing to Plaintiff in addition to interest, costs of suit (including attorney's fees) and such other appropriate damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, on each of Plaintiff's causes of action, in addition to applicable interest, such incidental and consequential damages as may be applicable, costs of suit, including reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 14, 2020

ALLEGAERT BERGER & VOGEL LLP

By: /s/David A. Berger
    David A. Berger
    John S. Craig
    Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiff*
*Patriarch Partners Management Group, LLC*

SUPREME COURT OF THE STATE OF NEW YORK                                       COUNTY OF NEW YORK

Plaintiff / Petitioner:
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC

Defendant / Respondent:
UI ACQUISITION HOLDING CO., UI HOLDING CO., HOVER-DAVIS, INC AND UNIVERSAL INSTRUMENTS CORP.

**AFFIDAVIT OF SERVICE**

Index No: 653099/2020

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123. That on Tue, Jul 28 2020 AT 12:00 PM AT 251 LITTLE FALLS DR, WILMINGTON, DE 19808 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on UI ACQUISITION HOLDING CO. on the Registered Agent Corporation Service Company

- [ ] **Individual**: by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

- [X] **Corporation**: UI ACQUISITION HOLDING CO. a defendant, therein named, by delivering a true copy of each to An Individual adult male personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Security Agent/Authorized to accept service thereof.

- [ ] **Suitable Person**: by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

- [ ] **Affixing to Door**: by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

- [ ] **Mailing**: Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

- [ ] **Military Service**: I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Description:
Age: 50s     Ethnicity: African American     Gender: Male     Weight: 220
Height: 6'     Hair: Bald     Eyes: Brown     Relationship: Security Agent
Other: Due to current conditions security are the only personnel on site. CSC Corp does not provide names of employees for service of process

_____     Sworn to before me on 7/28/20
MARTIN A ETTORRE                Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL
CHRISTINA GRIEB, Notary
City of Philadelphia, Phila.
My Commission Expires Jun...

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK                                              COUNTY OF NEW YORK

---

**Plaintiff / Petitioner:**
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC

**Defendant / Respondent:**
UI ACQUISITION HOLDING CO., UI HOLDING CO., HOVER-DAVIS, INC AND UNIVERSAL INSTRUMENTS CORP.

**AFFIDAVIT OF SERVICE**
Index No:
653099/2020

---

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123. That on Tue, Jul 28 2020 AT 11:57 AM AT 251 LITTLE FALLS DR, WILMINGTON, DE 19808 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on UI HOLDING CO. on the Registered Agent Corporation Service Company

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** UI HOLDING CO. a defendant, therein named, by delivering a true copy of each to An Individual adult male personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Security Agent/Authorized to accept service thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 50s    Ethnicity: African American    Gender: Male    Weight: 220
Height: 6'    Hair: Bald    Eyes: Brown    Relationship: Security Agent
Other: Due to current conditions security are the only personnel on site. CSC Corp does not provide names of employees for service of process

_____                    Sworn to before me on 7/28/20  _____
MARTIN A ETTORRE                                                              Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Plaintiff / Petitioner:
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC

Defendant / Respondent:
UI ACQUISITION HOLDING CO., UI HOLDING CO., HOVER-DAVIS, INC AND UNIVERSAL INSTRUMENTS CORP.

**AFFIDAVIT OF SERVICE**

Index No:
653099/2020

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123. That on Tue, Jul 28 2020 AT 12:02 PM AT 251 LITTLE FALLS DR, WILMINGTON, DE 19808 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on UNIVERSAL INSTRUMENTS CORP. on the Registered Agent Corporation Service Company

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** UNIVERSAL INSTRUMENTS CORP. a defendant, therein named, by delivering a true copy of each to An Individual adult male personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Security Agent/Authorized to accept service thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Description:
Age: 50s    Ethnicity: African American    Gender: Male    Weight: 220
Height: 6'    Hair: Bald    Eyes: Brown    Relationship: Security Agent
Other: Due to current conditions security are the only personnel on site. CSC Corp does not provide names of employees for service of process

Sworn to before me on 7/28/20

MARTIN A ETTORRE

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Jun